Leslie Burns (SBN 276687)
Law Office of Carolyn E. Wright, LLC
P.O. Box 430
Glenbrook, NV 89413
(213) 632-9871  (telephone)
(775) 580-7322  (facsimile)
Email: Leslie@photoattorney.com

Attorney for Plaintiff/Counter-Defendant

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MEBANE<br><br>Plaintiff,<br><br>vs.<br><br>MEGHAN MARTINEZ, an individual, and LIL BASKET CASE, LLC<br><br>Defendants. | No. CV11-9801-RGK (JCGx)<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Hearing Date: January 28, 2013<br>Time: 9:00 a.m.<br>Place: Room 850, Roybal Federal Bldg.<br>Judge: Hon. R. Gary Klausner |

Comes now Plaintiff Matthew Mebane ("Plaintiff") with his Reply to the Defendants' Opposition to Plaintiff's Motion for Default Judgment filed by Defendants Meghan Martinez and Lil Basket Case (collectively "Defendants"). Plaintiff objects to Defendants' Opposition in its entirety for untimeliness and requests that the court disregard the filing for its lateness and for the misrepresentations contained therein.

**I. Summary of Facts**

On December 21, 2012, Plaintiff filed his Motion for Default Judgment

along with its accompanying Memorandum of Points and Authorities, Declaration in Support of the Motion, and Proposed Order. Dkt 64-0 through 64-3. Plaintiff's counsel also sent defense counsel courtesy copies via email that same day. Burns Declaration in Support of Plaintiff's Reply ¶11 ("Burns Decl."). The Court rejected this filing as the Motion Hearing Date, January 7, 2013, was too soon after the filing date. Local Rule 6-1 states, in part, "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically." Plaintiff therefore re-filed the documents on December 26, 2012 with the revised Hearing Date of January 28, 2013. Dkt. 67-0 through 67-3. This Hearing Date was accepted and scheduled by the Court. Notices of these filings, both the errant and the corrected versions, were sent to the parties' counsels via the CM/ECF system.

     On January 24, 2013, Defendants filed their Opposition to the Motion (Dkt. 76, "Defs. Opp."), its accompanying Declaration of Martinez in Support (Dkt. 77, "Martinez Decl."), and Evidentiary Objections (Dkt. 75).  This filing is not timely under Local Rule 7-9 and should be not be considered by this Court, pursuant to Local Rule 7-12.

     Furthermore, in Defendants' filings referenced above, there are several misrepresentations of law and fact including: 1) misquoting of Local Rule 55-1, in Section F; 2) misapplication of Local Rule 55-1, in Section G; 3) misrepresentation of Plaintiff's Request for Damages, in Section G; 4) mendacious statements regarding the date discovery responses were served, in Section E-1; 5) misleading representation of facts regarding Plaintiff's counsel's "refusal" to accept remuneration from Defense counsel for her wasted time and efforts on November 19, 2012, in Section E-1; and, 6) misstatement of the proper standard for evaluating Plaintiff's Motion for Default Judgment.

## II. Argument

*A. Defendants' Opposition to Plaintiff's Motion for Default Judgment was Not Timely Filed and Therefore Should Not be Considered by This Court.*

The timing for filing papers in opposition to a motion is governed by Local Rule 7-9 which states in part, "Each opposing party shall, . . . not later than twenty-one (21) days before the date designated for the hearing of the motion . . ., serve upon all other parties and file with the Clerk . . . (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum . . . ." L.R. 7-9. Local Rules also state "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12.

Here, Defendants were noticed originally on December 26, 2012 via the CM/ECF system of Plaintiff's Motion and the Hearing Date of January 28, 2013. Defendants filed no opposition to the Motion until January 24, 2013–a mere four days before the Hearing Date and thus seventeen days late. This lateness prevents the Plaintiff from filing a timely Reply, under Local Rule 7-10, which requires that filing fourteen days before the Hearing Date. Furthermore, the Court itself noticed all parties that the matter had been taken under submission on January 23, 2013 (Dkt. 72).

Defendants have clearly filed their opposition papers far too late for the Rule and have not provided the court even the slightest explanation for their lateness. The Court should decline to consider these papers pursuant to Local Rule 7-12 and consider the Defendants failure to file within the deadline as consent to granting Plaintiff's motion, under that same Rule. As this Court noted in a very similar case where opposition papers to a Motion for Summary Judgment were not timely filed, *Marshall v. Gates*, "a Court need not make the

case of an inactive party. Indeed, 'if opposing lawyers sit on their haunches . . . judges may let the adversary system take its course." *Marshall v Gates*, 812 F.Supp 1050, 1054 (C.D. Cal. 1993), citing *Tatalovich v. City of Superior*, 904 F.2d 1135, 1139 (7th Cir 1990). In fact, *Marshall* makes it plain, citing the "First Circuit's wisdom: Rules are Rules–and the parties must play by them." *Id*. at 1056. So too here–the Defendants must be required to follow the Court's own rules and not permitted flagrantly to ignore them.

B. *Defendants' Papers Contain Significant Misstatements of Law and Fact*

As noted above, Plaintiff also objects to Defendants' Opposition papers because they are materially misleading and misstate both law and fact in this case.

1. Material Misstatement of Local Rule 55-1 and its Meaning

Section F of the Defs. Opp. misquotes Local Rule 55-1 as "the application shall be accompanied by a declaration in compliance with F.R.Civ.P. 55(b)(1) and/or (2) include the following . . . (b) [t]he identification of the pleading to which default was entered" Defs. Opp. 8, *verbatim*. Defense then states that Plaintiff failed to comply with that rule for failing to state, in the accompanying declaration, to which pleading the default applied. *Id*. Defendants misstate the Rule and apply it incorrectly.

Local Rule 55-1 correctly reads "the application shall be accompanied by a declaration in compliance with F.R.Civ.P. 55(b)(1) and/or (2) **and** include the following . . . ." L.R. 55-1, emphasis added. The missing "and" is significant as it changes in which document the identification of the pleading must appear. With the correct "and" in place, the rule states that the pleading information must appear in the Application, not necessarily in the accompanying declaration.

Plaintiff's Memorandum of Points and Authorities in Support of the Motion for Default Judgment ("Plaintiff's Memo") is a part of the Application

and it clearly includes ". . . (2) Default was entered against both defendants on December 6, 2012 as to the Complaint . . . ." Plaintiff's Memo 9. Further, it is accompanied by a declaration fully compliant with F.R.Civ.P 55(b)(2) (*see* Dkt. 67-2). Therefore, Plaintiff was completely in compliance with Local Rule 55-1.

2. Defendants Falsely Claim that Plaintiff Fails to Comply with Local Rule 55-1 As Regards His Prayer for Relief.

Defendants, in Section G of Defs. Opp., state "Assuming the Plaintiff is basing his Application on his Original Complaint, Plaintiff failed to comply with L.R. 55-1, Plaintiff failed to state any amount in his Prayer for Relief." Defs Opp 8. Local Rule 55-1 makes absolutely no statement regarding Complaints or the contents thereof. Therefore, Local Rule 55-1 does not apply here and there is no failure by Plaintiff under that Rule.

3. Section G Misrepresents Plaintiff's Request for Damages as Being Greater Than his Prayer for Relief and Thus Impermissible.

Defendants claim that Plaintiff's Motion requests damages in an amount greater than that for which he prayed in his Complaint. Defs. Opp 8. They note that under F.R.Civ.P 54(c), a default judgment may not exceed an amount specified in the Complaint. *Id*. This citation of the Rule is correct. However, Defendants misstate the fiscal relationship of the request in the Motion and Plaintiff's Prayer for Relief.

Under the Rules, there is no requirement that a complaint contain a specific amount in its prayer for relief. *See* F.R.Civ.P 8(a)(3). Here, Plaintiff who, it should be remembered, filed his Complaint *pro se*, prayed for (among other things) "actual and/or statutory damages in an amount to be determined at trial" and "such other and further relief as is just and proper." Complaint at 8. Therefore, his request for damages in his Motion cannot be more than what he prayed for in his Complaint as no specific amount was named in the

Complaint. It is implausible that the Rule means that any plaintiff who does not name a specific amount for damages in a Prayer for Relief would be awarded nothing in a default judgment against a defendant.

Furthermore, Plaintiff also prayed for "the maximum allowable statutory damages" for each violation in his Complaint (*id.*). Maximum statutory damages for a *single* non-willful infringement are $30,000 and rise to $150,000 for a willful one. 17 U.S.C. §504. For the six photographs at issue in this matter which are eligible for statutory damages (ignoring for the moment the other 47 for which actual damages are appropriate), that would make a maximum of $180,000 for non-willful infringement and $900,000 if willful. Plaintiff's total requested damages in his Motion ($93,478) are significantly less than either amount. Therefore, Plaintiff is in compliance with Rule 54(c).

4. Defendants' Statements Regarding the Date Discovery Responses Were Served Are Demonstrably False.

Defendants claim that they provided discovery responses on December 11, 2012 (Defs. Opp 6, Martinez Decl. ¶8). They imply that in so doing they were timely in their service of these responses. This is patently untrue.

Plaintiff's counsel served requests for discovery on the Defendants on November 11, 2012. Burns Decl. ¶3. The responses were not served upon Plaintiff until December 17, 2012. *Id*. ¶6. Moreover, according to Defendants' own attestations on their responses, the responses were signed on December 12, 2012 (*Id*. ¶5). Therefore, Defendants have actively and deliberately misrepresented their acts and the facts here. Not only are the dates they stated clearly different from the actual dates, the discovery responses were both signed *and* served late, after the thirty-days had passed.

5. Defendants' Counsel Misrepresents Plaintiff's Counsel's "Refusal."

In Section E-1 of Defs. Opp., Defense counsel states that Plaintiff's counsel refused to accept remuneration from him for her wasted time and

efforts when she attended the Scheduling Conference (where he failed to appear) on November 19, 2012. Defs. Opp. 6. The defense implies that this somehow abrogates any prejudice to the Plaintiff caused by defense counsel's failure to appear.

Plaintiff's counsel in fact never responded to the offer to pay her for the time–she did, however, on behalf of and after consultation with her client, steadfastly refuse to stipulate to setting aside the default as requested by the defense. Burns Decl. ¶¶7-10. Incidentally, Plaintiff's counsel was shocked that defense counsel suggested that she did not need to consult with her client about the stipulation as he wrote "It really has nothing to do with your client and more to do with the Court's time." *Id* ¶9.

Plaintiff was prejudiced by defense counsel's failure to appear at the Scheduling Conference (and the subsequent Order to Show Cause hearing, which defense counsel does not address) not only because of the additional expense but, more importantly, because of the delays to this case these failures caused. At essentially every step in this matter, Defendants have been late, absent, or otherwise have delayed this case. The failures to attend the hearings further and unfairly prolonged an already delayed process. This prejudice could not have been cured by a payment by defense counsel as implied by the defense here.

6. Defense Misstates the Proper Standard for Evaluating the Motion for Default Judgment in This Matter.

Defense relies on *United States ex rel Wiltec Guam, Inc. v. Kahaluu Const. Co.* 857 F.2d 600 (9th Cir. 1988) and related cases, including *Malone v. U.S. Postal Service* 833 F.2d 128 (9th Cir. 1987), to establish the standard for evaluating Plaintiff's Motion for Default Judgment. This reliance is misplaced. That line of cases is generally on the issue of the court dismissing a case or entering default judgment as a sanction for non-compliance with discovery

orders.

The question of the propriety of entering a default in this matter as the result of essentially a terminating sanction (the striking of Defendants' Answer) had already been resolved prior to the filing of Defs. Opp. when the Court denied their Motion to Set Aside the Default on January 22, 2013. Dkt. 71. Thus, here, the issue to be considered by the Court is not whether a default judgment is proper after the striking of the Answer, but instead is the default judgment requested proper in its own right and following an entry of default in this matter. The proper standard for that evaluation is a review of the *Eitel* Factors, as delineated and discussed in Plaintiff's Memo.

## III. Conclusion

Defendants have the temerity to submit an extremely late Opposition to Plaintiff's Motion for Default Judgment after having amassed a history of missed dates, delaying tactics, and questionable excuses. Defense counsel's actions have already been found culpable enough for this Court to refuse to set aside the most recent Entry of Default. Defendants should not be permitted to flout this Court's Rules and play by their own now, with their Opposition.

Adding insult to the lateness of the filing, Defendants' Opposition is filled with errors, misstatements, and flat-out misrepresentations of both law and fact in this matter.

For the reasons stated above, Plaintiff respectfully requests that the Court refuse to consider Defendants' opposition papers under its authority as expressed in Local Rule 7-12. Plaintiff further respectfully requests that the Court consider the Defendants' failure to file within the deadline as consent to granting Plaintiff's motion, under that same Rule, and thus to grant Plaintiff's Motion.

Respectfully submitted,

/s/ Leslie Burns

_____
Leslie Burns
California Bar No. 276687
Attorney of Record for Plaintiff
Matthew Mebane

## CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to registered CM/ECF users.

This 25th day of January, 2013.

Respectfully submitted,

/s/ Leslie Burns

_____
Leslie Burns